E-FILED
Wednesday, 08 July, 2015 02:01:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER KNOX,           )
                            )
            Plaintiff,      )
                            )
    v.                      )    14-1333
                            )
DR. LOUIS SHICKER, *et al.* )
                            )
            Defendants.     )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking injunctive relief in the form of an order requiring medical staff at the prison to refer him to a urologist. The matter was fully briefed by the parties, and the Court held an evidentiary hearing on Plaintiff's motion on June 30, 2015. The matter is now before the Court for ruling.

## BACKGROUND

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac"). Plaintiff filed the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical

need in violation of the Eighth Amendment. Plaintiff alleges he suffers from an untreated mental illness that manifests itself through self-mutilation (cutting) and other physical self-harm. In his Complaint and the motion now before the Court, Plaintiff alleges that prison officials have failed to remove a foreign object present in his urethra. Plaintiff alleges further that medical staff at Pontiac is not qualified to perform the removal procedure, and, therefore, Plaintiff seeks injunctive relief in the form of an order requiring Pontiac officials to send him to an outside specialist (urologist).

On June 30, 2015, the Court held an emergency evidentiary hearing on Plaintiff's motion for injunctive relief. At the hearing, the Court heard testimony from Plaintiff and Dr. Andrew Tilden, the physician primarily responsible for Plaintiff's medical care at Pontiac. Plaintiff testified that he is currently receiving proper medical care for his mental health issues, but that the foreign object (an ink cartridge from a pen) is still in his urethra and causing him great pain. Plaintiff objects to Dr. Tilden performing the removal procedure on the basis that Dr. Tilden is not a licensed urologist, despite the undisputed testimony that Dr. Tilden has removed foreign objects from Plaintiff's and other prisoners'

urethras multiple times in the past. As a result, Plaintiff has refused further medical care at Pontiac.

Plaintiff's allegations stem from a medical examination that occurred in April 2015. Except as noted below, the Court finds the following facts are undisputed: On April 14, 2015, Plaintiff was examined by Dr. Tilden. An x-ray taken a week prior showed a foreign object, 1.5 centimeters in length, lodged in the external opening of Plaintiff's urethra. Upon physical examination, Dr. Tilden observed that no foreign object was palpable in Plaintiff's penis. When Dr. Tilden ordered an x-ray to confirm that no foreign body was present, Plaintiff went to the restroom and made loud noises as if he were in pain. When Plaintiff returned, and upon reexamination, Dr. Tilden observed that a foreign body was now palpable throughout the full length of Plaintiff's urethra. Dr. Tilden believed that Plaintiff had reinserted the foreign object while in the restroom. Nonetheless, Plaintiff refused further medical treatment, including an x-ray, and any attempts to remove the foreign object. Plaintiff became hostile, upset, used foul language, and left the examination room. According to Dr. Tilden, the necessity for an outside specialist depends upon the depth of the foreign object in

Plaintiff's urethra.  Thus, without an x-ray or further examination, Dr. Tilden could not, upon the discovery of the foreign object, ascertain the degree of medical treatment necessary to remove it. While Plaintiff claims x-rays were taken prior to his examination on April 14, 2015, and that his cries of pain while in the restroom were due to the foreign object's continuing presence in his urethra, and not its reinsertion, Plaintiff does not dispute that he refused further medical care.  Nor do the parties dispute that Plaintiff has not since been examined for this alleged malady.  Defendants maintain that medical care for this condition is, and has been, available to Plaintiff.

## ANALYSIS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); accord Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an

irreparable harm will result if the injunction is not granted." Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted).  If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. Incredible Tech., Inc. v. Virtual Tech., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context.  Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also Westefer, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final

hearing on the merits of the case. American Hospital Ass'n v Harris, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. Id. (citing Jordan v. Wolke, 593 F.2d 772, 774 (7th Cir. 1978)).

To succeed on a claim for inadequate medical care, the Plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The parties do not contest that the insertion of a foreign object into one's urethra is an objectively serious medical need for purposes of Eighth Amendment analysis, and the Court agrees. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

for a doctor's attention." (internal quotations omitted)). Plaintiff, instead, contends that failure to refer him to an outside specialist rises to the level of deliberate indifference as Plaintiff alleges that Pontiac's medical staff is not qualified to perform the medical treatment he seeks. Plaintiff supported this conclusion at the evidentiary hearing by pointing out that Dr. Tilden is not a licensed urologist, and asserting that the use of forceps to remove the foreign object required use of a surgical camera, which Dr. Tilden does not have. Short of this, Plaintiff contends, Dr. Tilden cannot provide adequate medical care as performing the procedure "blind" would run afoul of the Eighth Amendment's protections.

"A prison physician is not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care. Like other medical decisions, the choice whether to refer a prisoner to a specialist involves the exercise of medical discretion, and so refusal to refer supports a claim of deliberate indifference only if that choice is "blatantly inappropriate." Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014) (citations omitted). Dr. Tilden testified that without an x-ray to determine the depth of the foreign object alleged to be inside Plaintiff's urethra, he cannot determine whether

an outside specialist is necessary to render adequate medical care. On the record before the Court, Plaintiff's refusal of subsequent medical care precludes any finding that he is entitled to temporary injunctive relief. As it relates to a preliminary injunction, the Court cannot determine at this time whether or not the actions, or lack thereof, of Pontiac's medical staff rise to a level that warrants such relief. Unless and until Plaintiff allows medical staff at Pontiac to take x-rays of the affected area, the Court's analysis of this issue cannot go further. Therefore, the Court finds that Plaintiff has failed to meet his burden for issuance of a temporary restraining order. The Court takes the issue of preliminary injunctive relief under advisement.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [59] as it relates to temporary injunctive relief is DENIED. The Court reserves ruling on the issue of preliminary injunctive relief.**

2) **An evidentiary hearing on the issue of preliminary injunctive relief is set for  July 30, 2015 at 1:30 p.m. , at the United States Courthouse in Springfield, Illinois. Plaintiff shall appear by video, and the parties may appear**

**by video or in-person. Doctor Tilden is only required to appear as defendants deem necessary. Clerk is directed to issue a video writ for Plaintiff at his place of incarceration.**

ENTERED:     July 6, 2015

FOR THE COURT:

                *s/Sue E. Myerscough*
              SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE